UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

FRANK MATHIS #214559,

        Plaintiff,

v.

PATRICIA CARUSO, et al.,

        Defendants.

Case No. 2:09-cv-159

HON. ROBERT HOLMES BELL

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff Frank Mathis, an inmate at the Mound Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC Director Patricia Caruso, Warden Christen Bauman, Food Service Director Wayne DeShambo, Assistant Food Service Director Gerald Anderson, Maintenance Worker Unknown Schroder, Medical Director Robert Compton, and Mary Rose Galloway, R.N.

Plaintiff alleges in his complaint that on December 17, 2008, Defendant Schroder removed a drain cover from a floor drain in the main kitchen of Alger Maximum Correctional Facility (LMF). Defendants Anderson and DeShambo ordered a new cover and a caution sign was placed over the open drain by Defendant Bauman. On December 28, 2008, Plaintiff was incarcerated at LMF and had a job in food service. While Plaintiff was on his work detail in the main kitchen at approximately 6:15 p.m., a worker acting without proper supervision removed the caution sign. Plaintiff was unaware of the uncovered drain and, while carrying a stack of trays, stepped in the hole and fell backwards, striking his head on a nearby cart and then on the concrete floor. Plaintiff twisted his ankle, lacerated his scalp, contused the back of his head, and lost consciousness. Staff Officer Matheson witnessed the incident and sent Plaintiff to his housing unit, despite Plaintiff's complaints of a headache and blurry vision.

At approximately 6:45 p.m., Defendant Galloway examined Plaintiff's injuries and discovered a half inch laceration in Plaintiff's scalp, a large contusion on the back of his head, and a sprained ankle. Plaintiff gave Plaintiff some aspirin and a wrap for his ankle. On December 29, 2008, at approximately 6:00 a.m., Plaintiff awoke to a severe headache and blurry vision and

requested immediate medical attention. Housing staff ignored Plaintiff's request and told Plaintiff that if he did not go to the dining hall for breakfast, he would not be allowed to eat otherwise. On December 30, 2008, at approximately 10:00 a.m., Plaintiff was seen by Defendant Compton, who observed that Plaintiff had lower than normal blood pressure. Plaintiff was sent back to his housing unit without any further treatment.

On December 31, 2008, at 12:30 a.m., Plaintiff asked for medical attention. Defendant Galloway saw Plaintiff at approximately 1:15 a.m., gave his aspirin, and sent him back to his cell. At approximately 12:45 p.m., Plaintiff experienced a severe headache, dizziness, and blurred vision, all of which caused him to lose consciousness. Plaintiff fell, striking his head on the toilet. Plaintiff claims that he lay unconscious on the floor in his own blood for an unknown amount of time. After he regained consciousness, Plaintiff called for help. An officer took Plaintiff to the guard's station to be examined by a nurse. Nurse Miller cleaned Plaintiff's injuries and sent him to the hospital in Munising, where Plaintiff received staples for his scalp. Plaintiff asserts that hospital staff told him that he had sustained a concussion as a result of his accident on December 28, 2008, and that the improper treatment he received subsequently caused his second fall on December 31, 2008.

Plaintiff claims that Defendants violated his Eighth Amendment rights and constituted gross negligence. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346.

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted

wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4.

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's action concerns workplace safety. The Eighth Circuit has held that the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (indicating that it is questionable whether the Eighth Amendment applies to work-related prison injuries). To show deliberate indifference in the context of workplace safety, prisoners must show that their captors have "knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 882, 882 (8th Cir. 1977).

The types of factual circumstances which are insufficient to show deliberate indifference are illustrated by the Eighth Circuit's decision in *Warren v. Missouri*, 995 F.2d 130 (8th Cir. 1993) and by the District of South Carolina's decision in *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 111 (D. S.C. 1994). In *Warren*, an inmate was injured when a board "kicked back" from a table saw that he was operating at the furniture factory at the state penitentiary. 995 F.2d at 130. The inmate alleged that the defendants were deliberately indifferent in failing to equip the saw with an anti-kickback feature despite knowledge of prior injuries. The district court granted defendants' motion for summary judgment, and the Eighth Circuit affirmed. *Id.* at 130-31. Defendants introduced evidence that there had been twenty-nine table saw injuries in the five years preceding the inmate's injury, as well as efforts to correct the working condition of the saws when the injuries occurred; the plaintiff introduced evidence that there had been twenty-one prior injuries.

*Id.* at 131. Based on this evidence, the Eighth Circuit found that there was no genuine issue of deliberate indifference to a serious issue of workplace safety. *Id.* at 131.

In *Arnold*, an inmate working in the prison kitchen was burned by a twenty-five-gallon pot that tipped downward. 843 F. Supp. at 111. The inmate alleged that the kitchen supervisor had been informed that the pot was faulty, and the supervisor had replied that they did not have time to fix it. *Id.* at 113. The district court held that there was no evidence that defendants possessed the requisite culpability by failing to repair the pot, and, at best, the inmate had offered evidence which showed only negligence. *Id.*; *see also Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) (even assuming that the administrator was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety).

Plaintiff's complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1987). A dismissal for failure to state a claim may not be countenanced upon a judge's disbelief of the factual allegations, and the Court regards Plaintiff's factual allegations as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Even so, it is improper for the Court to assume that Plaintiff could prove facts not alleged in his complaint or to assume that Defendants have violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.), *cert. denied*, 519 U.S. 1007 (1996). Moreover, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid*, 859 F.2d at 437 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). Plaintiff's factual allegations do not raise an inference that Defendants were deliberately indifferent to his safety.

Plaintiff's broad assertion that Defendants were "deliberately indifferent" does not support his conclusion; merely stating the "magic words" is not enough. *See Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (despite use of phrase "deliberate indifference" in his pleadings, inmate failed to show that defendants possessed the requisite mental state). Rather, Plaintiff must support his conclusion with factual allegations.

The factual allegations in Plaintiff's complaint which pertain to the element of deliberate indifference are scant. Plaintiff alleges that an injury occurred because some unnamed worker removed the caution sign from the open drain. There is nothing in Plaintiff's allegations which supports an inference that Defendants were deliberately indifferent with regard to the open drain in the main kitchen. The factual allegations in his complaint, at most, support only an inference of negligence.

Plaintiff also claims that Defendants were deliberately indifferent to his need for medical care. A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

As noted above, Plaintiff was seen by Defendant Galloway within a half hour of suffering his injury. Defendant Galloway examined Plaintiff and gave him aspirin and a wrap for his ankle. Plaintiff was seen by Defendant Compton within a day and a half of the injury, at which time it was noted that his blood pressure was lower than normal. When Plaintiff sought medical attention on December 31, 2008, he was again seen by Defendant Galloway, who gave him some more aspirin. After Plaintiff lost consciousness on December 31, 2008, he was taken to the hospital and his wound was stapled.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). Plaintiff's complaint in this case is with regard to the adequacy of the treatment he received. For the reasons stated above, such a claim does not rise to the level of an Eighth Amendment violation.

To the extent that Plaintiff is claiming his state law rights were violated, it is recommended that this court refuse to exercise pendent jurisdiction over such claims. Claims raising issues of state law are best left to determination by the state courts, particularly in the area of prison

administration. In addition, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966); *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719, 728 (6th Cir. 2006); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915, 112 S. Ct. 1954 (1992).

> That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: August 31, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE